## Case No. 10,557.

OREGON & W. TRUST INV. CO. v. SHAW et al.

[6 Sawy. 52.] [1]

Circuit Court, D. Oregon. Sept. 1, 1879.

MERGER — UNION OF MORTGAGE AND THE FEE IN ONE PERSON—TRANSFER OF MORTGAGE BEFORE ACQUIRING FEE—RECORDING.

[1. A mortgage transferred by the mortgagee, though not recorded, does not become merged in the fee afterwards acquired by the mortgagee.]

[2. Even where a mortgage and the fee unite in the mortgagee, there is no merger where the mortgagee transfers the mortgage before dealing with the property, though such transfer is not recorded.]

[3. The Oregon statutes do not require a transfer or assignment of a mortgage to be recorded, and if there were such requirement, a failure to observe it would not render such mortgage void as against one taking another mortgage on the premises.]

[This was a bill in equity by the Oregon & Washington Trust Investment Company against C. W. Shaw and wife and Charles Swegle to enforce the lien of a mortgage. A decree was entered directing a sale of the mortgaged premises and a distribution of the proceeds among the different parties, according to the priority of their respective liens. Case No. 10,556. It is now before the court on rehearing.]

Ellis G. Hughes, for complainant.

W. H. Homes and Claude Thayer, for defendant Swegle.

DEADY, District Judge. After hearing this cause on bill and the answer of the defendant Swegle, the court decided that the lien of Swegle's mortgage was never merged in the fee, and was prior to that of the complainant. Upon the petition of the complainant a rehearing was granted. After a careful study of the learned and voluminous brief of counsel for complainant, my conclusion is that:

1. There never was any merger of the mortgage and fee in Shaw, because the two interests never were united in him, Shaw having transferred the Adams mortgage to Swegle some weeks before he received the conveyance of the fee from the former.

2. The transfer of the mortgage to Swegle by Shaw was valid as against Shaw, even if it was necessary to record it as against a subsequent bona fide purchaser of the same property, and therefore the mortgage remained the property of Swegle, and could not be merged in the fee afterwards acquired by Shaw from Adams.

3. Even if the mortgage and fee had been united in Shaw, there was no merger, because Shaw, having transferred the former to Swegle, thereby plainly manifested his intent to keep the mortgage and fee separate, and therefore the mortgage to the com-

plainant was at most only a conveyance or pledge of the premises, subject to the lien of the prior mortgage before then transferred to Swegle.

4. The statute of this state does not require a transfer or assignment of a mortgage to be recorded, particularly when such transfer occurs by operation of law, upon the indorsement or delivery of a promissory note for the payment of which it is only a security.

5. If the statute did require the transfer or assignment of a mortgage to be made after the manner of a conveyance and recorded, still the failure to record such assignment would not render it void as against the complainant, because it is not a purchaser of the same property, the mortgage from Adams to Shaw, but only of the fee, subject to said mortgage, or rather of a mortgage thereon subsequent to said mortgage.

6. The complainant, having taken a mortgage with notice upon the record that there was a prior unsatisfied mortgage upon the same property to secure the payment of a negotiable note not then due, has no right to complain if the lien of said mortgage is now preferred to its lien. Upon the record it took a second mortgage without inquiry as to the ownership or condition of the first one, and if it did so upon an impression that the prior mortgage was merged in the estate of its mortgagor, it acted, as appears, upon insufficient reasons, and must bear the consequences of its own mistake.